OPINION
{¶ 1} Appellant Janelle Mullins ("appellant") appeals the decision of the Ashland County Municipal Court that denied her motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On August 14, 2005, Officer Darcy Baker, from the Ashland City Police Department, stopped a vehicle on Cleveland Avenue because the vehicle's exhaust was excessively loud and it was missing a left mirror. Appellant was a passenger in the vehicle. Officer Baker observed decals and stickers on the vehicle referencing marijuana. Based upon this observation, Officer Baker contacted Officer Craig Kiley in order to have his drug detection dog, Carlos, conduct a drug sniff of the vehicle. Officer Kiley arrived on the scene, with Carlos, and conducted the drug sniff while Officer Baker completed the paperwork for the traffic citation.
 {¶ 3} Carlos alerted on the passenger side of the vehicle. Officer Baker searched the vehicle and found five wine coolers under the passenger seat. Officer Baker did not find any illegal drugs inside the vehicle. Thereafter, appellant admitted the wine coolers belonged to her and Officer Baker placed her under arrest for underage possession of alcohol. Officer Jerry Bloodhart arrived on the scene to transport appellant to the county jail. Officer Bloodhart asked appellant whether she had any contraband on her person. At that point, appellant removed a marijuana pipe from her bra. This resulted in the charge of possession of drug paraphernalia.
 {¶ 4} On September 28, 2004, appellant filed a motion to suppress. The trial court conducted a hearing on appellant's motion on October 18, 2004. The trial court denied appellant's motion finding the stop of the vehicle did not raise the issue of a continued detention. Tr. Suppression Hrng., Oct. 18, 2004, at 39. The trial court further concluded the dog sniff was not a search and therefore, probable cause was not required prior to the sniff search. Id.
 {¶ 5} Subsequently, appellant entered no contest pleas to both charges and the trial court sentenced her accordingly. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING THE MOTION TO SUPPRESS WHERE THE APPELLANT'S DETENTION WAS ABSENT PROBABLE CAUSE WHILE A `DOG SNIFF' WAS CONDUCTED OF THE INTERIOR OF THE VEHICLE."
 I {¶ 7} In her sole assignment of error, appellant contends the trial court erred when it overruled her motion to suppress because the officers lacked probable cause to detain her for a dog sniff. We disagree.
 {¶ 8} There are three methods that may be used on appeal to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 9} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger, supra.
In the case sub judice, appellant claims the trial court incorrectly decided the ultimate or final decision raised in her motion to suppress. Accordingly, we will review this assignment of error under a de novo standard of review. In support of her assignment of error, appellant cites the case of Illinois v.Caballes (2005), 543 U.S. 405. In the Caballes decision, the United States Supreme Court held that a dog sniff conducted during a lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment. Id. at 409.
 {¶ 10} Appellant argues on appeal the facts of the case sub judice differ from those in Caballes and therefore, the search conducted by Officer Riley violated the Fourth Amendment. Specifically, appellant argues Officer Riley violated theFourth Amendment because he permitted Carlos to search inside the vehicle. In Caballes, the dog only sniffed the exterior of the vehicle. Second, appellant argues that unlike the Caballes case where the drugs were discovered in the trunk of the vehicle, the drug paraphernalia in the case sub judice was not located in the vehicle, but was instead discovered in appellant's bra. Thus, appellant concludes the facts of this case extend far beyond the limited holding in Caballes.
 {¶ 11} The issue appellant raises in her brief concerns whether law enforcement officials may detain a motorist for a dog sniff absent probable cause. Based upon case law from both federal and state courts, we conclude the use of a drug detection dog does not constitute a "search" and an officer is not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed in a vehicle. See State v. Carlson (1995), 102 Ohio App.3d 585, 594;United States v. Seals (C.A.5 1993), 987 F.2d 1102, 1106. In fact, it is well-established that the use of drug detection dogs in an otherwise lawfully detained vehicle does not arouse any search and seizure concern under either the United States Constitution or the Ohio Constitution. See Carlson, supra, at 594; State v. Waldroup (1995), 100 Ohio App.3d 508, 514; Statev. Riley (1993), 88 Ohio App.3d 468, 475.
 {¶ 12} Further, many Ohio courts have noted that if a legitimate traffic stop is under active investigation, a drug detection dog may be used to determine the presence of illegal drugs if the length of the time the suspect is detained prior to the sniff is short. See State v. Rusnak (1997),120 Ohio App.3d 24, 29; Carlson, supra, at 598-599. At the suppression hearing, Officer Baker testified that Officer Kiley arrived within two or three minutes of her call to conduct the dog sniff and Officer Kiley conducted the sniff while she completed the paperwork for the citation. Tr. Suppression Hrng., Oct. 18, 2004, at 9. Thus, based upon this testimony, appellant's detention was not prolonged in order for Carlos to conduct the drug sniff.
 {¶ 13} Accordingly, we find neither probable cause nor reasonable suspicion is required to conduct a drug sniff. Further, the officers did not detain appellant for an unreasonable length of time in order for Carlos to conduct the drug sniff. As such, appellant's Fourth Amendment rights were not violated.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Ashland County Municipal Court, Ashland County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.